UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS VAUGHN JACKSON,<br>Plaintiff,<br>v.<br>R. BINKELE, et al.,<br>Defendants. | Case No. 18-cv-04098-EMC<br><br>**ORDER**<br><br>Docket Nos. 16, 19, 21 |

A. <u>Request For Appointment Of Counsel</u>

Plaintiff has requested that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Exceptional circumstances are not present at this time. The Court is unable to say that there is a likelihood of success on the merits. Plaintiff has been able to adequately articulate his claims and those claims do not involve complex legal issues. Plaintiff's request for appointment of counsel to represent him in this action therefore is **DENIED**. Docket No. 16.

B. <u>Service of Process On Defendant Muniz</u>

Service of process was ordered on eleven defendants in this *pro se* prisoner's civil rights action. Ten defendants have appeared but defendant warden Muniz has not yet been served with process. The summons and service documents that were sent to warden Muniz listed his name as

"warden M. L. Muniz" as that was the name provided by plaintiff. The Marshal reported to the Court that warden Muniz was not successfully served and remarked: "According to institution – do not have an [crossed out] They do have a 'W. L. Muniz.'" Docket No. 17.[1]

Plaintiff then requested that service be attempted on warden W. L. Muniz. Docket No. 19. Plaintiff's request for service on W. L. Muniz is **GRANTED**. Docket No. 19. In order to move this case toward resolution:

1. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon warden W. L. Muniz at Salinas Valley State Prison.

2. Muniz must file an answer to the complaint or a waiver of reply, *see* 42 U.S.C. § 1997e(g), no later than **thirty days** after he is served with the summons and complaint, regardless of whether he intends to file a dispositive motion.

C. <u>Scheduling For Dispositive Motions</u>

Defendants have requested an extension of the deadline to file a dispositive motion. Upon due consideration, Defendants' request is **GRANTED**, although the Court will grant an extension lesser than the 5+ months Defendants have requested because a few months is sufficient time for diligent counsel to prepare a dispositive motion. Docket No. 21. The Court now sets the following new briefing schedule: No later than **June 21, 2019**, Defendants must file and serve a motion for summary judgment or other dispositive motion. Plaintiff's opposition to the summary

///
///
///
///
///

---

[1] The Court is disappointed to see this sort of pointless waste of tax dollars by the person who refused service for the Defendant who was identified by the proper title and last name with the only defect being an incorrect initial for his first name. The Court is even more disappointed to see defense counsel rely on this sort of service of process problem as one of the reasons to grant an extension of the deadline for dispositive motions.

judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **July 19, 2019**. If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 2, 2019**.

**IT IS SO ORDERED**.

Dated: April 16, 2019

————————————————
EDWARD M. CHEN
United States District Judge