1
2
3
4   UNITED STATES DISTRICT COURT
5   NORTHERN DISTRICT OF CALIFORNIA
6
7   CURTIS VAUGHN JACKSON,                    Case No. 18-cv-04098-EMC
8        Plaintiff,
9        v.                                   **ORDER DENYING MOTION FOR SCHEDULING ORDER**
10  R. BINKELE, et al.,                       Docket No. 40
11       Defendants.
12

Plaintiff has filed a motion for a scheduling order so that he may conduct discovery. The motion is **DENIED** as unnecessary. Docket No. 40. As a *pro se* prisoner case, this case is exempt from the initial disclosure and initial case management conference requirements of the local rules and the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv); N. D. Cal. Local Rule 16-2 and 16-7. The order of service, with its scheduling provisions, functions as the case management order. *See* N. D. Cal. Local Rule 16-7. That order of service authorizes the parties to engage in discovery. Docket No. 13 at 10 ("Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.") Plaintiff and defendants have been free to engage in discovery since the order of service was issued more than seven months ago. Plaintiff is reminded that discovery requests and responses should not be filed with the court and instead are exchanged between the parties. Additionally, if any discovery

///
///
///
///

dispute arises, the parties must meet and confer before presenting any discovery disputes to the court; in a *pro se* prisoner case, the requirement may be satisfied by meeting and conferring via letters or telephone calls, rather than meeting and conferring in person.

**IT IS SO ORDERED**.

Dated: August 9, 2019

_____
EDWARD M. CHEN
United States District Judge