UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CURTIS VAUGHN JACKSON,

Plaintiff,

v.

R. BINKELE, et al.,

Defendants.

Case No. 18-cv-04098-EMC

**SCHEDULING ORDER**

Docket Nos. 58, 59, 60, 61

This is a *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 that is now before the Court for scheduling and miscellaneous matters.

The cognizable claims in this action are that: (1) several Defendants were deliberately indifferent to Plaintiff's safety by housing him at Salinas Valley; (2) several other Defendants were deliberately indifferent to his safety by not preventing or acting quickly enough to stop a fight he was involved in a few weeks after his arrival at Salinas Valley; and (3) several other Defendants were deliberately indifferent to his medical needs after the fight. *See* Docket No. 13 (order of service). Service of process was ordered on eleven Defendants. One Defendant (Lam) was later voluntarily dismissed. The remaining ten Defendants were originally represented by the California Attorney General, but since about June 2019, nine Defendants (i.e., Binkele, Erguiza, Gonzalez, Jah, Makela, Mindoro, Muniz, Patty, and Rawhoof) have been represented by the California Attorney General, and one Defendant (Schwarz) has been represented by private counsel.

Defendants filed a motion for summary judgment based on nonexhaustion of administrative remedies. Docket No. 29. After that motion was fully briefed but before it was ruled upon, the parties requested that the case be referred to Magistrate Judge Illman for a

settlement conference and otherwise stayed the case. Docket No. 45. The Court referred the case to Magistrate Judge Illman for settlement. Docket No. 47. He has recently reported that the case did not settle. Docket No. 55. The stay that was imposed to facilitate settlement proceedings is **LIFTED**. It is now necessary to set some deadlines and make other rulings to move this case toward resolution.

A.     Motions For Summary Judgment:

1.     Defendants' motion for summary judgment based on nonexhaustion of administrative remedies is fully briefed and will be decided in due course. *See* Docket No. 29 (motion); Docket Nos. 33-35 (opposition); Docket No. 38 (reply). Defendants should file a renewed notice of that motion, so that it will appear on the Court's calendar of motions needing to be decided. Otherwise, no further submissions from the parties are expected for this motion.

2.     A motion for summary judgment "re: administrative, yard, and medical claims" was filed on October 31, 2019, by Defendants Binkele, Erguiza, Gonzalez, Jah, Makela, Mindoro, Muniz, Patty, and Rawhoof. Docket No. 57. Plaintiff must file and serve his opposition to this motion no later than **December 20, 2019**. Plaintiffs must file and serve their reply brief no later than **January 3, 2020.**

3.     Defendant Schwarz must file and serve his motion for summary judgment, if any, no later than **January 3, 2020**. Plaintiff must file and serve his opposition to this motion no later than **January 31, 2020.** Defendant Schwarz must file and serve his reply brief no later than **February 14, 2020.**

B.     Miscellaneous Requests

The request of Defendants Binkele, Erguiza, Gonzalez, Jah, Makela, Mindoro, Muniz, Patty, and Rawhoof to file a long brief (i.e., 29 pages rather than the 25 pages permitted by Local Rule 7-2) in support of their motion for summary judgment "re: administrative, yard, and medical claims" is **GRANTED**. Docket No. 58. The motion filed at Docket No. 57 is permitted.

Defendant Schwarz filed a request for a briefing schedule so he could file his own motion for summary judgment. The request is **GRANTED**. Docket No. 60. The briefing schedule is set out above. Defendant Schwarz is reminded that he must file and serve a *Rand* notice at the time

United States District Court
Northern District of California

1   he files his motion for summary judgment.

2   C.   Motion To Seal Documents

3   Defendants Binkele, Erguiza, Gonzalez, Jah, Makela, Mindoro, Muniz, Patty, and

4   Rawhoof have filed a request to file several documents under seal. The documents consist of an

5   aerial photo of the prison yard, two photos of the prison yard with prisoners visible in the very far

6   distance, and a series of 18 photos of Plaintiff taken after the fight. Defendants urge that the

7   disclosure of these documents "may jeopardize the safety and security of inmates, staff,

8   correctional institutions, and the public." Docket No. 59 at 2. They also state that they are willing

9   to allow Plaintiff to see, but not keep, the evidence because retention of the documents poses a risk

10  in that he or other prisoners might use the information contained in the photos to harm staff

11  depicted in the photos or to harm other prisoners, especially because the photos were taken in a

12  sensitive needs yard that houses some vulnerable prisoners. Docket No. 59-1 at 2-3.

13  The court may order a document filed under seal "upon a request that establishes that the

14  document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to

15  protection under the law (hereinafter referred to as 'sealable'). The request must be narrowly

16  tailored to seek sealing only of sealable material." N. D. Cal. Local Rule 79-5(b). There is a

17  strong presumption favoring the public's right of access to court records which should be

18  overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir.

19  1995). "Counseling against such access would be the likelihood of an improper use, 'including

20  publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair

21  trial rights of the defendants or third persons; and residual privacy rights.'" *Valley Broadcasting*

22  *Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986) (citation omitted). In

23  prisoner cases, genuine concerns that the release of the document will endanger staff or prisoners

24  can support an order sealing a document.

25  Upon due consideration of the motion, the Court disagrees with Defendants' assessment of

26  the risk of danger that would flow from making several of the pages of exhibits public. For this

27  reason, the court finds that Defendants have not overcome the presumption favoring public access

28  to court records for some of the documents. Accordingly, the application to file documents under

seal is **GRANTED IN PART AND DENIED IN PART**.  Docket No. 59.

Exhibit 1 is an annotated aerial photo of the prison yard.  Other than the annotations identifying where several persons, a gate, a table, and a basketball court are located, the document looks quite similar to aerial photos available on the internet.  Once material is already in the public domain, an argument for sealing it is rather weak.  Exhibit 1 will not be sealed.

Exhibit 2 consists of two photos of Facility D Yard 1.  There are some prisoners visible in the far distance – the photos look as though the prisoners were at least 50 yards away from the photographer.  Although one can discern from context that there are prisoners in the photos, no single person could be identified from the photos, especially because the prisoners are wearing prison uniforms that look roughly the same.  The photo's depiction of the yard does not show anything a prisoner could not have learned by simply observing his surroundings while in that yard.  Exhibit 2 will not be sealed.

Exhibit 3 consists of 18 photos of Plaintiff, showing his wounds.  Some of the photos are close-ups, showing no prisoner other than Plaintiff (i.e., Docket No. 59-8 at 3, 4, 13, 14, 17, 18, and 19), while the other photos have other prisoners and staff in the background some of whom could identified from the photos (i.e., Docket No. 59-8 at 2, 5-12, 15-16).  Only those photos that have other prisoners and staff in the background warrant sealing.  Photos of Plaintiff and various parts of his body that do not have any other persons in the picture do not warrant sealing.  For example, it defies reason that Defendants take the position that photos depicting only a skinned knee (*id.* at 17-19) or abrasion on Plaintiff's torso (*id.* at 13-14) need to be kept out of the public record.  Only the portions of Exhibit 3 that have other prisoners and staff in the background (i.e., Docket No. 59-8 at 2, 5-12, 15-16) will be sealed.

Defendants' plan to make the photos in Exhibits 1, 2, and 3 available to Plaintiff to see, but not keep, is acceptable to the Court.  The photos are not essential to the motion for summary judgments filed in this action:  the prison yard's layout could have been depicted with a line drawing and the photos of Plaintiff's injuries are helpful but not essential to understanding the limited nature of his claimed injuries.  Even though they have not shown that most of the documents should be kept sealed from the general public, Defendants convince the Court that

having the photos in the prison population presents the possibility for misuse of those photos by prisoners. Prisoners might study the photos of the prison yard (i.e., Exhibits 1 and 2) and learn about security vulnerabilities. And of greater concern, prisoners might study the photos in Exhibit 3 that do have identifiable people in the background to target staff and prisoners in the sensitive needs yard where the photos were taken. Accordingly, Defendants do not have to serve on Plaintiff a copy of Exhibits 1 or 2, or the portion of Exhibit 3 at Docket No. 59-8 at 2, 5-12, 15-16. Defendants must, however, make those exhibits available to Plaintiff to view, in the manner described in paragraphs 23-24 of the Lopez Declaration (Docket No. 59-1) submitted in support of the motion to file documents under seal. That is, Plaintiff can submit a CDC Form 22 asking the litigation coordinator to make the materials available to him for viewing for up to thirty minutes under staff supervision.

D.      The Proposed Stipulated Protective Order

        The Defendants have filed a proposed stipulated protective order signed by private counsel representing Defendant Schwarz and by a Deputy Attorney General representing the other nine Defendants. Docket No. 61. The Court declines to sign the proposed stipulated protective order because good cause has not been shown for a protective order. The general goal of the protective order appears to be avoidance of public disclosure of information. But there is no explanation of what the information is that cannot be disclosed to the public. It is not clear what makes this case different from the hundreds of other prisoner civil rights actions that have been litigated in this Court without need for a protective order. Additionally, Plaintiff is not a party to the stipulation, and the Defendants do not explain why not. Nor do Defendants make any effort in the proposed stipulated protective order to make it clear that Plaintiff is not bound by the protective order – and some provisions might suggest to Plaintiff that he does have nondisclosure obligations under the protective order.

        **IT IS SO ORDERED**.

Dated: November 14, 2019

_____
EDWARD M. CHEN
United States District Judge

5